*C. Creighton* and *A. G. Correa* for defendant.

---

# HONG KIM *v.* M. KAHILO HAPAI (w).

### EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

### SUBMITTED SEPTEMBER 23, 1899. DECIDED NOVEMBER 14, 1899.

### FREAR AND WHITING, JJ., AND CIRCUIT JUDGE PERRY IN PLACE OF JUDD, C.J., ABSENT.

The plaintiff, a lessee, alleged that before he accepted his lease, his lessor represented to him that the demised premises were bounded on one side by "Bridge Street," and also that the boundary of said premises on that side was described in the lease as running along the side of "Bridge Street," but that he afterwards found that the land mentioned as "Bridge Street" belonged to private parties. He contended that a covenant or warranty that the land described as "Bridge Street" was a public street was implied from the description in the lease. Held, on demurrer,

That an action of tort for such false representations and an action for breach of such covenant, if any, could not be joined.

That, while the lessor and those claiming under her might be estopped from claiming that there was no such street, if she owned the land described as a street at the date of the lease, yet no covenant that such a public street existed could be implied from the description of the demised premises in the lease.

That the complaint in so far as it was based upon the false representations made before the acceptance of the lease was insufficient in that it failed to show that the lessor made the representations with knowledge of their falsity (or without knowledge as to whether they were true or false) and in contemplation of defendant's relying upon them and that the defendant did rely upon them.

OPINION OF THE COURT BY FREAR, J.

This case comes here, by consent of the trial judge under the provisions of Sec. 74, Ch. 57, Laws of 1892, as amended by Act 40, Laws of 1898, on an exception to an interlocutory order overruling a demurrer.

The plaintiff alleges that he leased from defendant a certain described piece of land at Hilo, Hawaii, for twenty years beginning January 1, 1898, at an annual rental of $200 and that after entering into possession he expended about $1800 in improvements thereon; "that before and at the time of making said lease the defendant represented to plaintiff that the premises above described were bounded on the westerly or mauka end by a Public Street or Road as in said lease expressed," but that, as he alleges on information and belief, the land immediately adjoining the said premises on the westerly end is not a public street or road but is private property; and that in March, 1899, certain persons acting, as plaintiff is informed and believes, under the direction of one John Scott erected a close fence about fifteen or eighteen feet high and fifty feet long on the westerly side of said improvements and about two feet distant therefrom and upon the land so represented by defendant to plaintiff and designated in said lease as a road, namely, "Bridge Street." A

copy of the lease is attached to and made a part of the complaint. Plaintiff claims $5,000 damages.

The demurrer is based on two grounds: (1) that the complaint does not set forth facts sufficient to constitute a cause of action, and (2) that it is ambiguous, unintelligible and uncertain.

It is uncertain from the complaint whether plaintiff intends this as an action of tort for false representations made by the defendant before the lease was accepted by the plaintiff and by reason of which the plaintiff was induced to take the lease or as an action for the breach of a covenant contained in the lease. It looks very much as if he intended to combine the two. Of course, that could not be done even if there were separate counts for the tort and the breach of covenant; much less can it be done in one count, which is all the complaint contains.

Let us, however, assume that the complaint is framed on the theory of one cause of action only. Then also the demurrer should be sustained.

First, let us assume that the complaint is framed on the theory of a breach of covenant. The covenant, if any, is one implied from the description of the premises in the lease. This description begins thus: "E hoomaka ana ma ka Hikina Akau kihi o Bridge a me Amaulu Streets e holo Akau e pili ana me ka aoao makai o Bridge Street i kanalima kapuai" (Beginning at the Northeast corner of Bridge and Amaulu Streets thence running North along the makai side of Bridge Street fifty feet). This is the only reference to Bridge Street in the lease. If the lessor at the date of the lease owned the land described as Bridge Street, she and those claiming under her might be estopped by this language in the lease from afterwards setting up that it was not a street, but an estoppel is not relied on. It is not shown that the land belonged to the lessor or that she or any one claiming under her claims that it is not a street. The plaintiff to establish his right of action relies, not upon the erection of the fence, however much that might affect the amount of damages, if any, that might be recovered, but upon the theory that the land is not in

fact a public street, whoever may be or may have been its owner, and that therefore the supposed implied covenant of warranty that the land is a street has been broken. But no such covenant is implied from the use of the words "Bridge Street" in the description of the premises. Probably the land was used as a street and was known as "Bridge Street" and the use of those words would therefore naturally be used in a description of the premises. It is common in descriptions of premises in deeds and leases to use expressions which are sufficient to identify the premises and which are used for that purpose only but which are not strictly accurate and the strict accuracy of which is not intended to be warranted. For instance, land is often described as bounded by the land of this or that person when the land no longer belongs to him or perhaps never did belong to him but either was formerly his or was supposed to be his. No warranty is intended. The object is merely to describe the land that is conveyed or leased, not to warrant that the adjoining land is of this or that character or belongs to this or that person.

On the other hand, if false representations made before the acceptance of the lease are relied on, still the demurrer must be sustained. This would seem to be the most satisfactory theory upon which to base the action or explain the complaint. But in such case, it would be necessary to show not only that the representations were made and that they were false, which are perhaps sufficiently shown by the complaint, but also that they were made by the defendant with knowledge that they were false, (or without knowledge whether they were true or false) and in contemplation of the plaintiff's relying upon them and also that the plaintiff did rely upon them, which facts are not shown by the complaint.

The exceptions are sustained, the order overruling the demurrer is reversed and the case is remitted to the Circuit Court for such further action as may be proper consistently with the views expressed in this opinion.

*W. S. Wise* for the plaintiff.

*Le Blond & Galbraith* for the defendant.